[674 NYS2d 91]

In the Matter of JULIO CESAR ROJAS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 8, 1998

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated February 23, 1998, that branch of the Grievance Committee's motion which was for leave to institute and prosecute a disciplinary proceeding against the respondent was granted and the issues raised were referred to the Honorable Jerome M. Becker, as Special Referee, to hear and report.

The Grievance Committee now moves to (1) suspend the respondent from practice, pursuant to 22 NYCRR 691.4 (*l*) (1) (i), based upon his failure to submit a written answer to a complaint of professional misconduct, (2) authorize it to supplement the December 12, 1997 petition with two charges contained in a February 26, 1998 supplemental petition based upon his failure to answer, (3) refer the additional charges to the Honorable Jerome M. Becker, as Special Referee, to hear and report, and (4) adjudge the respondent to be in default of his obligation to answer the December 12, 1997 petition.

This Court's February 23, 1998 decision and order on motion directed the respondent to submit an answer to the petition within 10 days. On March 6, 1998, the respondent was personally served with that order and an additional copy of the petition, which contains four charges of professional misconduct, including making material misrepresentations about his disciplinary history, making material misrepresentations under oath, and failing to refund money paid to him for services not yet completed at the time he was relieved by new counsel. The respondent has failed to submit an answer to the petition. Although personally served with a "Motion to Find in Default and Impose Discipline" on March 28, 1998, the respondent has failed to answer. Accordingly, the respondent is in default and the charges against him must be deemed established. The petitioner's motion to impose discipline upon the respondent upon his default is, therefore, granted and the motion to suspend the respondent pursuant to 22 NYCRR 691.4 (*l*) (1) (i) is denied as academic. The respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and McGINITY, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Julio Cesar Rojas, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Julio Cesar Rojas is commanded to desist and

refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the Grievance Committee's motion to suspend the respondent pursuant to 22 NYCRR 691.4 (*l*) (1) (i), to supplement the petition, and to refer the additional charges to the Honorable Jerome M. Becker, as Special Referee, is denied as academic.